The final case for argument this morning is 15-7077 Peterson v. McDonald May it please the court, Kenneth Carpenter appearing on behalf of Randy Peterson. In this case, your honors, the Board of Veterans' Appeals made a finding that sedentary employment would be possible despite the appellant's need disabilities. This finding relied upon a VA medical examination that made the same conclusion. In so doing, they applied the wrong legal standard under the applicable provision of law, which is 4.16b. The Veterans Court erred by affirming the Board's decision, which relied upon an incorrect legal standard. The correct legal standard is whether or not a veteran is capable of securing or following substantial gainful occupation. That permits, by the very definition provided by the VA in its own regulation, that a veteran may work. By finding that it is possible that the veteran may work, whether you characterize that work as sedentary or not, is simply not relevant to the disposition of whether or not, under the regulation, the veteran is capable of performing, securing, obtaining substantial gainful occupation under the regulation. That is a misinterpretation of the regulation. I'm really quite unclear, honestly, about what it is you're arguing. I thought you were arguing something about shifting of the burden. The burden should not be on the veteran to come forward. And that's what happens when you use the incorrect legal standard. The correct legal standard has to do with the ability to secure or follow substantial gainful occupation. I thought you were just telling us the correct standard is whether or not he's capable. Of securing or following substantial gainful occupation. When you impose a burden, as the Veterans Court did, to demonstrate that the veteran is capable of doing sedentary work, that shifts the burden to the veteran to prove something that isn't part of the requirements of the regulation. The regulation here... I'm sorry, I just want to stop you because I want to make sure. If you're saying the right standard is capable of securing employment... No, substantial gainful occupation, Your Honor. It is not employment. Whether you can secure a job is not dependent. And so what is your rule? That they can only deny you TDIU if you can perform all the jobs you used to perform? Are you saying, for instance, in this case, once they found that he was incapable of performing postal work and janitorial work, which he had done previously, then he should automatically be titled to the award because he can't do those jobs that he had before? Is that your position of how the statute... That would be the correct outcome in this case. But I do not believe that that, as you phrased it, correctly describes what is going on under this regulation. Under this regulation, Your Honor, the VA has defined what constitutes substantial gainful occupation by using the term marginal employment and explicitly providing within the provisions of 4.16a a definition of marginal employment. Marginal employment allows a veteran to work so long as that work does not produce income more than the poverty level. That is the definition. And when you shift the burden to the veteran to come forward with evidence that describes an inability to prove a negative, that sedentary work would not do that, then you shift the burden to the veteran. In this case... What should the board have concluded in terms of what they do? They have all these medical reports and they say he can't perform janitorial or postal work, but he can perform sedentary employment. And you're saying that that conclusion should have led them to say, and therefore he's entitled to TDIU? Absolutely, Your Honor. Because he can no longer perform... Because there is no affirmative evidence in this record that the veteran is capable of, even when he does sedentary work, to do sedentary work which would produce income more than the marginal employment or, excuse me, poverty level as defined by the VA's own regulation. I mean, I don't know. I don't have that portion right in front of me. I mean, the regular... But there's no evidence that he's incapable of that. And that's where the burden shifting comes in, Your Honor. But doesn't the claimant have some burden to provide some evidence? And he did. He provided evidence that he was terminated from his employment with the post office. He provided evidence that he was eventually awarded Social Security disability benefits. And he provided evidence that he has not worked since 2002. So as a consequence... And then the Veterans Court, in turn, didn't believe that was persuasive on the ultimate question of entitlement to TDIU. Because they relied upon a misinterpretation of the regulation that shifts the burden from the VA. It is the obligation of the VA to show that the veteran is capable. There is no affirmative evidence in this record that he is capable, even if he could do sedentary work, to earn more than the poverty level. Well, the terms... I don't know where the poverty level comes in. A and B both refer to substantially gainful occupation. So I don't know what... 416... I thought that's what the criteria was. 416A explicitly states, for the purposes of this section, marginal employment generally will be deemed to exist when the veteran earns annual income that does not exceed the amount established by the United States Department of Commerce Bureau of the Census as the poverty threshold for one person. And that means approximately, currently, $12,000 a year. If you can earn more than $12,000 a year, you have gained substantial gainful occupation. So what are you saying? The board had to find not only that he was capable of doing sedentary work, but sedentary work that would earn him substantially gainful occupation, which has defined that the Department of Labor means this. Yes, because that's what the VA defined in its own regulation. They were the ones that chose that mark. And they specifically then go on to say, Your Honor, in regards to marginal employment, that marginal employment may also be held to exist on facts found, included but not limited to employment in a protected environment, such as a family business or sheltered workshop, when the earned annual income exceeds the poverty level. So in that alternative definition, the VA has provided by regulation that if you work in a sheltered workshop or you work for your own family business, you only have that job because of your familial relationship. You do not have that job. There was no circumstance put in front of it. This case does, at least from what I can tell on the record, it didn't present a question when they said, You're able to work because you've been working at this job. And he came in and he said, No, this job only earns me marginal employment under DOL. I don't see why that's this case. I don't understand why that piece of it in terms of how much he can actually earn is part of this case. Because that's the definition that is provided by the VA to guide its adjudicators on determining whether or not a veteran is or isn't capable of substantial gainful occupation. The operative word being substantial more than the poverty level. But let's back this up just a moment. What we're dealing with here is an issue that was raised by the veteran that the board did not give an adequate statement of reasons or bases about his vocational aptitude, what he was capable of doing. And the VA's regulation at 4.16b expressly provides that the VA is required to account for the employment history, educational and vocational attainment. The veterans court described that as a vocational assessment. And then said that a vocational assessment did not need to be provided and would not be of any benefit. That is a misinterpretation because the regulation expressly provides that you must take that into consideration and in particular take into consideration the reason for the termination of the veteran's employment. The veteran's employment in this case was terminated in 2001 by the post office. The post office said he was no longer capable of working for the post office because of his service-connected disabilities. You're arguing about shifting the burden. But you're not challenging the duty to assist. You're not saying the government failed in the duty to assist. So if you're not challenging that, then where is the evidence that you think is missing supposed to come from other than the claimant? By making the vocational assessment that the veterans court said was not necessary under 4.16b. That vocational assessment requires an analysis of the employment history, the education. This is a veteran who only has a high school degree. But aren't you then, isn't that really an argument that the government failed in the duty to assist because they should have provided a vocational assessment? No, Your Honor, because in this case the vocational assessment is to make the determination on capability. If they choose not to make the assessment, which they chose not to do in this case, they cannot then go on to say we rely on the possibility that you could do sedentary work. The possibility that he could work is not part of the criteria under this regulation. The regulation requires substantial gainful occupation. So you're saying they couldn't have made the assessment that they made without having that piece of evidence. That's correct, Your Honor. They have to have affirmative evidence as part of that vocational assessment that looks at the veteran's employment history, the kinds of jobs that he or she has done before, their education, and their vocational attainment. The most this veteran ever got to was being a guard at the post office and being a maintenance person at the post office. He had no skills. But there are any number of sedentary positions that presumably a high school graduate could fill. Telephone operator, toll booth taker. And the question being whether or not with his service-connected disabilities, would he have been capable of getting that job and that job producing. The shifting of the burden here, as described in the briefs, is when the government then comes on and flips the obligation. Imposes the obligation on the veteran to demonstrate that he would not be able to. Isn't part of the problem here the fact that the claim itself is like proving a negative. It's total disability based on individual unemployability. That's right. My claim is objectively one of my education and my experience and capabilities is incapable of gainful employment. It's a negative. And he is allowed to rely upon that assertion, particularly when the other facts are as they are in this case, unless the VA comes forward and demonstrates that there is something about his employment history, his education, his vocational attainment, that would in fact allow him to go out and secure substantial gainful occupation. I was going to just ask, and I don't know if this is possible, but can you just pinpoint for me where in the veteran's court opinion you think there is the clearest statement of what you believe to be a legally erroneous legal proposition? It's at JA 14, Your Honor. Let me just make sure I've got the right page. Okay. It's what I was looking at, so tell me if I'm wrong. I'm referring to the ruling about that the vocational assessment is not required. Yes. It's the top of JA. It's 19, not 14. 14 was the actual board page number. Right. Okay. Wait, JA 19? That's not. It's this page. JA 19, board page 14. It's confusing. I'm sorry, I got confused between the board page. Okay, so this statement. It's in the very top paragraph after the discussion about Smith, and it says the board found given its finding that sedentary employment would be possible despite the appellant's need disability that a vocational assessment would not provide any benefit and therefore is not required. And the board then went on to find that that was an adequate statement of reasons or basis. That cannot be correct under the proper interpretation of 416B because the obligation to do what the Veterans Court calls a vocational assessment is mandatory. It is not permissive. Well, the problem is, are we reading the same thing? B says the board will include a full statement, blah, blah, blah, and all other factors having a bearing on the issue. So they talk about education and vocational attainment. Correct. And what is it? Isn't vocational attainment different than a vocational assessment? Was there any dispute about what his vocational attainment was? Let's be clear, Your Honor. In the regulation, when they use the term board there, they're referring to the rating board. Under this regulation, there is a referral that is made to the director of compensation services who makes the ultimate determination. In this case, neither the VA regional office nor the Board of Veterans' Appeals chose to make that referral. So this case is just about making the referral so that the director can make the determination. So this was, as it were, cut off at the pass. It was not made a referral because there was no reference in any of the documentation that indicated what the Veterans Court called a vocational assessment. I agree with you that vocational attainment and vocational assessment are probably near equivalents. But in this context, it's also about their education, in this case a high school education, and their employment history, which in this case was pre-service, a grocery store clerk, and post-service, a job with the post office doing guard work and maintenance. Mr. Carvey, you're not arguing that a vocational assessment is required in every TDIU case? Absolutely not. So the board is free in an appropriate case based upon the record before them to determine that a vocational assessment is not necessary. But not without consideration as mandated by the regulation of the veterans' education, his vocational attainment, and I can't remember what the third one was. But what in this record suggests that they didn't do that? The board decision itself, Your Honor, it is completely silent about any of those issues. That doesn't necessarily mean they didn't consider it. But the argument made below was that the 7104D duty to provide an adequate statement of reasons or bases had not been made by the board in its decision. The court rejected that, saying that it wasn't required to do that. So the question here is, is there a mandate in 416B or is there not a mandate? Why don't we give Mr. Carvey a couple of minutes? May it please the court, I'd like to first address the argument that Mr. Pedersen's attorney made in his brief, which if you open up his first brief at A, it simply stated the veterans' court relied upon a misinterpretation of 4.16 when it required Mr. Pedersen to submit affirmative evidence that his educational and occupational histories are incompatible with sedentary employment. Comparing that to J.A. 18, which is the portion of the veterans' court decision that actually discusses the TDIU claim, it states only that the appellant, Mr. Pedersen, had failed to point to any evidence in the record of proceedings. Okay, I missed a step on my page. I'm sorry. J.A. 18, which is page 13 of the veterans' court. Certainly my understanding of the argument presented in Mr. Pedersen's brief was that the first full paragraph on this page was where the legal error happened, which is that the argument was that this language, Mr. Pedersen has not pointed to any evidence in the record of proceedings demonstrating that his level of education and his past employment experience categorically preclude him from sedentary employment that would provide more than marginal income. That is the issue that was presented in the opening brief as containing an erroneous legal interpretation of 4.16 as somehow inappropriately requiring Mr. Pedersen to have provided affirmative evidence. And as we point out in our briefs, all this statement here is that when conducting their clearly erroneous review, the veterans' court simply stated where you're not challenging the duty to assist and where you concede you are mentally and physically capable of sedentary employment, you need to at least point to something in the record that will allow us to find that the board got this wrong and you haven't done that. Look at the statement above that. Look at the end of the first paragraph that continues on. The board concluded, and I think the court of veterans' claims embraces this conclusion at some point, that while his work experience might limit his employment opportunities, it does not seem that the lack of a college degree would preclude the veteran from all sedentary employment. How does one satisfy the burden that you would be precluded from all sedentary employment? Well, there needs to be some identification by the claimant as to what he believes he's prevented from doing as a result of his disabilities. And here we're talking about two 20% disabled needs. The evidence that the board discusses in their board decision made clear repeatedly, the examiners said you are capable of all sedentary employment. There are circumstances where someone is incapable of certain types of sedentary employment because they can't sit for long periods of time. Here the determination was that Mr. Peterson can in fact do all forms of sedentary employment. That's not what the sentence says, though. This flips it. This says they would preclude the veteran from all sedentary employment. Is that the same thing? I think he would need to demonstrate that he could not obtain any sedentary employment. Okay, so let's assume I don't have a high school diploma and I've only worked in janitorial work. So I'm now stuck because of my disability with sedentary employment. And let's assume I haven't had a job in five years and I can demonstrate to you that I've applied for 25 jobs as a secretary, as a receptionist, blah, blah, blah, and they've all rejected me, either because I don't have a high school diploma or because I have no prior experience, relevant experience. Is that, in your view, is that sufficient? It certainly sounds like it would be a convincing case to make. But the facts that you all changed aren't present here. He did not submit evidence that he applied for and cannot get a sedentary job because of his education or his employment history. And he has a high school education and he has an employment history showing that he can hold jobs with a federal agency. So the facts that you changed are the critical facts that could demonstrate that, in fact, he is incapable of having sedentary employment, but those facts are not here. And I think we're straying a little bit into the reasons in Basie's argument. Well, what about Mr. Carpenter's argument this morning on the last phrase in B, which talks about the requirement that the rating board now include a full statement on a service-connected disability's employment history, educational and vocational attainment, and all other factors. So what did they say with respect to vocational attainment? And, again, I think this is a question that is beyond this court's jurisdiction because, again, whether or not the board provided adequate reasons in Basie's is not a question that this court can review. The Veterans Court looked at what the board stated at JA. Can I just interrupt and just tell me why this is wrong? One way, I guess, I may have understood Mr. Carpenter's argument is that at, I guess, the top of JA-19, top of 14 in the original, when the court, in the last sentence of the carryover paragraph, says the court finds that the board has provided an adequate statement of its reasons, what it is doing is saying that the description of the board's finding in the immediately preceding sentence is legally adequate, and I take it that Mr. Carpenter is saying it is not legally adequate to omit a vocational assessment in some circumstances here. If he had presented that argument, and I have to think through it because the fact is that he's conceded all along. Let me say it a little more specifically. Since the second to last sentence of the paragraph says the board found, given its finding that sedentary employment would be possible, the board found that a vocational assessment would not provide any benefit and, therefore, is not required. One way, I guess, of making the legal point is that it is legally erroneous to say you never need a vocational assessment when you have the possibility of sedentary employment, and that is legally erroneous. That's legally erroneous. It's incorrect because it's categorical. If they had made that categorical statement, that could possibly be a legal interpretation certainly this court could review. I think what Mr. Carpenter's argument is doing is it's combining the explanation that the board gave for why it did not feel a vocational assessment was necessary in this case under the duty to assist with the more holistic view that the court is taking as to the board's reasons and bases throughout for its determination that Mr. Peterson is not entitled to TDIU. The vocational assessment piece is at JA59, and it is after the fact. It is after the board has already discussed the evidence, all the medical records including SSA records where they found that he was not unemployable. It said that they find that, as stated, that the veteran is capable of performing physical and mental acts and that he's not precluded by his education and employment. It then goes on to say that this court's decision in Smith requires the board to consider whether vocational assessment is It explains why the board's determination of vocational assessment was not required, and that's all that's required under this court's decision in Smith is that the board make a determination as to whether a vocational assessment is necessary in a given case. That is not a... Again, the veterans court can review that determination, but this court can't review the veterans court review of that because that is an application of law of fact. What's bothered me about this case, and I don't think it's an argument Mr. Carpenter is making because he seems to embrace the language that is used, which is capable of performing sedentary work. I see a disconnect between the language used in the regulation, which is not whether you're capable of performing certain kinds of work. It says whether you're unable to secure in both A and B. The standard is unable to secure gainful employment, not whether you're capable of doing it, but whether you're able to secure it. To me, there's a little bit of a difference. Capable seems more generic and generally capable of doing anything, but whether you are not, it seems to me that unable to secure gainful employment is a little stronger. Do you understand my... There's another argument that came up in Smith, which is whether or not this is an assessment of whether the individual can actually obtain a job in the city they live in. The court there said that's for the SSA context. Here, it's really are they mentally and physically capable of securing. Yes, you can read secure to actually apply for, get a job, and become employed. I think in this context where the disability review is the effects of their service-connected disabilities on their capability, it's can they apply for a job? Are they physically and mentally capable of going through the tasks required to secure a position? Then if they do, can they maintain that position? Here, it would be sedentary employment. Maybe I'm answering your question or not. No, you do, although I don't want you to forget your answer to my hypothetical where there certainly are circumstances where the veteran would be able to demonstrate that he's tried to get a job. It's a practical matter. It's not just because the unemployment rate is 10%. It's that I've tried and I've been rejected because I don't have the necessary qualifications and I don't have the necessary experience. The ability to actually become employed can be considered. I mean, the regulation is clear that work history and education needs to be considered. But I'm not sure where that line is drawn. I don't think this is the right case for that determination. There certainly are circumstances where someone shows up with the hypothetical that Your Honor described, and I would say in that instance it's quite likely that the VA would have gotten a vocational assessment in that instance because someone with those unique characteristics would probably present a unique situation that would require something beyond the board's expertise, which is what the standard in Smith says for when it's necessary to obtain a vocational assessment. I just want to respond to one more thing that Mr. Carpenter noted when he was up here. He said that the veteran should be allowed to rely on the assertion that they are incapable of securing or maintaining sedentary employment. And that argument is essentially wrong in two reasons. One, there's a presumption of soundness that applies to a veteran here. So the VA doesn't go in presuming that the person is fully disabled. And it's secondly wrong because under Skosen, and this is sort of the same argument that Mr. Carpenter made in Skosen, it's that under 5107A, as long as you allege something, you are not actually required to then support it with evidence, either by producing evidence or by pointing evidence out. And so I think the argument that the veteran should be allowed to simply rely on the assertion of unemployability has already been rejected by this court. And could you just have a minute? I don't want to prolong this, but Mr. Carpenter spent some time talking about, I don't have the language in front of me, the portion of A which talks about seemingly maybe to define substantially gainful employment, that if you make stuff under the poverty level, that's not going to come against you or so forth. Do you think that has any relevance to this? I don't think it does, and I will admit that I'm not as familiar with the case law about that portion of 4.16A. I certainly didn't read it in preparing for this argument, because it wasn't part of the issues that were briefed. So there is no allegation below that he's capable of getting sedentary employment, but that it would not provide a marginally adequate income. The fact is that JA393, there's a Social Security Administration report here that says that looking, the Social Security Administration goes further. They look at whether there are, in fact, sufficient jobs available for someone applying for disability, and they identify, using Iowa labor statistics, 475 photographic processing operator jobs and 29,000 general office assistants. Those are either jobs or positions. I'm not 100% clear. So, I mean, there isn't any evidence in the record about sedentary jobs that he could get that don't provide marginal employment income. It sounds a little bit like he's trying to reiterate the argument in Smith, that to satisfy that marginal employment threshold, you need a vocational expert who can look at how much these sedentary jobs would pay. And, again, I think Smith makes clear that only when it's necessary to decide the claim is a vocational assessment necessary. Thank you. Thank you, Your Honors. We'll just go a couple minutes of your time. Thank you, Your Honors. I'd like to begin with Smith. Smith is, A, a duty-to-assist case. B, it involved a question of whether or not the VA was required to obtain a vocational opinion. This case is about the interpretation of 416B when it uses the language that the Veterans Court characterized as a vocational assessment. Those are two entirely different concepts. A opinion under the duty-to-assist is something that the veteran in Smith was trying to impose upon the VA. Here, we have a VA regulation that expressly imposes the obligation on the rating board when making a referral to make a full statement that the Veterans Court called a vocational assessment as to the veteran's employment, his education, and his vocational attainment. The key here is that this is a regulatory mandate, something the VA imposed upon itself. Next is the distinction that Your Honor correctly drew between the shifting of the burden to the veteran to demonstrate his ability to do sedentary work that will produce substantial gainful occupation. The burden here is on the VA to show that he is not capable. He is entitled to it, and the record clearly demonstrates that from 2002 to the present, he has had no earnings because he has been unable to work. The VA takes that favorable evidence along with his lay evidence that he is not capable of getting a job due to his service-connected need disabilities, for which he lost his job at the post office and has not worked since 2001, and then flips that burden and says, you must show us, the Veteran Court says, you must point to something in the record that says that you would not earn substantial gainful occupation. That is not the obligation under the regulation. One final thought, that is that this case has always only been about the board considering these. We are not asking this court to determine that there must be an award. The interpretation simply is whether or not 416B requires the board to consider what the Veterans Court called a vocational assessment, but what is described in the VA's own regulation as consideration of the education, the vocational attainment, and the employment history, and that simply was not done in this record, and the Veterans Court said that was okay, and it is not okay. Thank you very much. We thank both sides. The case is submitted. That concludes our proceeding.